# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BENNIE MANN,
                Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,
                Agency.

DOCKET NUMBER
SF-0752-15-0529-I-1

DATE: June 9, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Edward Hu</u>, Esquire, Riverside, California, for the appellant.

<u>Maureen Ney</u>, Esquire, Los Angeles, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2  Effective June 13, 2014, the agency removed the appellant from his Motor Vehicle Operator position at the agency's Riverside National Cemetery for allegedly violating the terms of a Last Chance Agreement (LCA) executed on November 14, 2011. Initial Appeal File (IAF), Tab 4 at 12, 14. Specifically, in March and April 2014, the appellant failed to properly park a Government vehicle and failed to follow the agency's gravesite verification procedures. *Id.* at 14. The appellant's removal, which was held in abeyance by the LCA, was based on the original charge of conduct unbecoming a Federal employee. *Id.* at 15.

¶3  The appellant filed an appeal of his removal and requested a hearing. IAF, Tab 1. In an acknowledgment order, the administrative judge informed the appellant that the Board may not have jurisdiction over his appeal because he signed an LCA waiving future appeal rights in the event he was removed for violating the agreement. IAF, Tab 2 at 4-5. The administrative judge apprised the appellant of his burden of making a nonfrivolous allegation of jurisdiction and

ordered the appellant to file evidence and argument on the jurisdictional issue. IAF, Tab 2 at 4-5, Tab 5 at 4. The appellant responded. IAF, Tabs 6, 10.

¶4	Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 13, Initial Decision (ID) at 1, 9. He found that the appellant failed to make a nonfrivolous allegation that he complied with the LCA. ID at 7-8. He further found that the appellant's waiver of appeal rights is enforceable. ID at 8. The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5	The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence.[2] 5 C.F.R. § 1201.56(b)(2)(i)(A). If an appellant makes a nonfrivolous allegation[3] of Board jurisdiction over an appeal, he is entitled to a hearing on the jurisdictional question. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc).

¶6	The Board lacks jurisdiction over an action taken pursuant to an LCA in which an appellant waives his right to appeal to the Board. *Rhett v. U.S. Postal Service*, 113 M.S.P.R. 178, ¶ 13 (2010). To establish that a waiver of appeal rights in an LCA should not be enforced, an appellant must show one of the following: (1) he complied with the LCA; (2) the agency materially breached the LCA or acted in bad faith; (3) he did not voluntarily enter into the LCA; or (4) the LCA resulted from fraud or mutual mistake. *Id.* If an appellant raises a nonfrivolous factual issue of compliance with a settlement agreement, the Board must resolve that issue before addressing the scope of and applicability of a waiver of appeal rights in the settlement agreement. *Id.*

---

[2] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[3] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

¶7     As the administrative judge properly found, the appellant has failed to nonfrivolously allege that he complied with the LCA.  ID at 7-8.  In his petition for review, the appellant argues that he did not breach the LCA because his actions were not "intentional or willful" and "did not rise to the level of misconduct by a federal employee."  PFR File, Tab 1 at 6.  We do not agree.  Paragraph 2b of the LCA states the following:

> The Employee agrees to demonstrate his reliability, dependability, and trustworthiness for Federal employment by maintaining acceptable standards of conduct and performance.  The Employee understands that for the duration of this Agreement, one instance of noncompliance with this Agreement, including, but not limited to, disrespectful conduct; unexcused tardiness; absence without leave; failure to comply with instructions; and/or any other validated unethical misconduct, will be cause for immediate removal.

IAF, Tab 4 at 65.  The appellant does not dispute the facts surrounding his alleged breach of the LCA.  PFR File, Tab 1 at 7; IAF, Tab 1 at 2, Tab 4 at 19, 61, Tab 6 at 11.  We find that, by failing to properly park a Government vehicle and follow gravesite verification procedures, the appellant did not maintain acceptable standards of conduct and performance as a Motor Vehicle Operator.  IAF, Tab 4 at 14, 56.  We also do not interpret the LCA as creating an "intentional or willful" standard of misconduct.  *See Link v. Department of the Treasury*, 51 F.3d 1577, 1582 (Fed. Cir. 1995) (finding that an LCA is subject to contract law, and therefore breach can be established by proving material noncompliance, regardless of motive).

¶8     The appellant next argues that the LCA is invalid because it was the result of coercion and duress.  PFR File, Tab 1 at 4-5.  Specifically, he alleges that he accepted the LCA because he had no other alternatives at the time.  *Id.* at 5.  He further explains that his personal circumstances after his removal caused him to be "financially and emotionally in distress."  *Id.*  He also contends that he relied on his union representative, who never fully explained to him the terms of the LCA and the gravity of the agreement.  *Id.*  The administrative judge found that

the appellant freely and voluntarily entered into the LCA, and found no mutual mistake in the execution of the LCA. ID at 8. He further found that the appellant failed to make a nonfrivolous allegation that he entered into the LCA while emotionally distressed. *Id.*

¶9        To establish that a settlement agreement was fraudulent as a result of coercion or duress, a party must prove that he involuntarily accepted the other party's terms, that circumstances permitted no alternatives, and that such circumstances were the result of the other party's coercive acts. *Bahrke v. U.S. Postal Service*, 98 M.S.P.R. 513, ¶ 12 (2005). The fact that an appellant must choose between two unpleasant alternatives, such as signing the LCA or facing immediate removal, does not render his choice involuntary. *Id.* Here, the appellant's explanation of difficult personal circumstances after his removal is not relevant to whether he voluntarily entered into the LCA. Further, as to his claim that his union representative did not clearly explain the ramifications of the LCA to him, the appellant is responsible for the errors of his chosen representative. *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981). Thus, we find that the appellant has failed to make a nonfrivolous allegation that the LCA is invalid.

¶10        Finally, we must consider the scope and applicability of the waiver of appeal rights in the LCA. *See Rhett*, 113 M.S.P.R. 178, ¶ 17. The administrative judge properly found that the language of the LCA constitutes a clear, comprehensive, unequivocal, and decisive waiver of Board appeal rights. ID at 8; IAF, Tab 4 at 65-67; *see Rhett*, 113 M.S.P.R. 178, ¶ 17. The appellant admits that he agreed to waive his future appeal rights in the LCA, but alleges that the agency agreed to amend the LCA in December 2014 to allow him to appeal his removal to the Board. PFR File, Tab 1 at 5-6. To support his argument, the appellant resubmits a letter dated July 17, 2015, describing interactions among the office of U.S. Representative Mark Takano, the agency, and his union representative on behalf of the appellant. *Id.* at 11-12; IAF, Tab 10 at 9-10. The letter states that,

in December 2014, the new Director of the Riverside National Cemetery and the union representative met at Representative Takano's office and agreed to "look into alternative dispute mechanisms before going to the Merit Systems Protection Board." PFR File, Tab 1 at 11. Even assuming that the agency agreed to consider "alternative dispute mechanisms," that fact does not prove that the LCA was amended to eliminate the waiver provision. Thus, we find that the appellant's waiver of appeal rights is enforceable.

¶11 Accordingly, we agree with the administrative judge's conclusion that the appellant failed to make a nonfrivolous allegation of jurisdiction. ID at 9. We also agree with the administrative judge's finding that the Board lacks independent jurisdiction over the appellant's claim that he was subjected to bias and unfair treatment by the agency. *Id.*; *see Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (finding that a prohibited personnel practice under 5 U.S.C. § 2302(b) is not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867 (D.C. Cir. 1982).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and

that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.